**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHAWN BARTLEY,

                Plaintiff,

vs.                                                                                    Case No.  3:12-cv-901-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Shawn Bartley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). His alleged inability to work is due to back pain, headaches caused by a bulging degenerative disc in his neck, pain in both shoulders and limited movement in the right shoulder, pain in one of his knees, and "a chronic sinus problem[.]" Transcript of Administrative Proceedings (Doc. Nos. 18, 19; collectively "Tr." or "administrative transcript"), filed February 6, 2013, at 69-70, 173. On February 12, 2008, Plaintiff filed an application for DIB, alleging an onset

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 22), filed February 20, 2013; Reference Order (Doc. No. 23), signed April 9, 2013 and entered April 10, 2013.

disability date of July 1, 2007. Tr. at 154-55.[3] Plaintiff later amended his alleged onset disability date to December 21, 2007. Tr. at 67-68.[4] Plaintiff's claim was denied initially, Tr. at 90-91, 94-95, and was denied upon reconsideration, Tr. at 92-93, 97-98. On March 4, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified. Tr. at 60-85. Plaintiff was represented by a non-attorney representative during his hearing. Tr. at 45, 60.[5] At the time of the hearing, Plaintiff was thirty-nine (39) years old. Tr. at 67.

The ALJ issued an unfavorable decision on March 24, 2010, finding Plaintiff not disabled through the date of the decision. Tr. at 45-55. On June 7, 2012, the Appeals Council dismissed Plaintiff's request for review as untimely. Tr. at 1-5. Plaintiff then commenced this action on August 9, 2012 under 42 U.S.C. § 405(g) by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On October 17, 2012, Defendant filed a "Second Amended Unopposed Motion to Remand" (Doc. No. 14; "Motion") in which Defendant requested that the matter be remanded pursuant to sentence six of 42 U.S.C. § 405(g) so that the Appeals Council could further consider whether Plaintiff had timely submitted a request for review and, if found to be timely,

---

[3] The administrative transcript also contains an application for supplemental security income dated February 12, 2008, Tr. at 151-53, but Plaintiff apparently did not proceed with that claim.

[4] The ALJ's Decision reflects that Plaintiff amended his alleged onset disability date to "December 31, 2007," Tr. at 45, rather than the actual amended date of "December 21st, 2007," Tr. at 67. This minor discrepancy is immaterial to the issues presented.

[5] The transcript of the hearing lists Plaintiff's representative as an "Attorney," Tr. at 60, but the ALJ's Decision states Plaintiff was represented during the hearing by "a non-attorney representative," Tr. at 45. A review of the Florida Bar's website shows that the representative is an attorney, but she was not admitted to the Florida Bar until November 2012. Because the hearing before the ALJ was in March 2010, the Court surmises that the representative was not licensed to practice law in Florida at the time of the hearing.

consider the merits of Plaintiff's request.  The Court entered an Order on November 1, 2012 (Doc. No. 15) granting the Motion and remanding for those purposes.

On remand, the Appeals Council on January 4, 2013 reconsidered its earlier ruling and found that Plaintiff had timely submitted his request for review.  Tr. at 445-46.  The Appeals Council then denied Plaintiff's request for review, Tr. at 445-46, thereby making the ALJ's Decision the final decision of the Commissioner.  After the denial, on February 6, 2013, Defendant moved to reopen the instant case (Doc. No. 16).  Defendant's request was granted on February 13, 2013, and the case was reopened (Doc. No. 20).

Plaintiff raises three issues on appeal: 1) whether the ALJ failed to fully and fairly develop the record regarding Plaintiff's psychological condition; 2) whether the ALJ "failed to follow the Eleventh Circuit's credibility standard with regard to pain testimony in determining that Plaintiff . . . was not credible"; and 3) whether the ALJ erred by not accounting for all of Plaintiff's impairments, specifically Plaintiff's psychological condition, in the hypothetical to the vocational expert ("VE").  Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. No. 25; "Pl.'s Mem."), filed April 15, 2013, at 1; see id. at 20-26.  On June 11, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff.  See Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.").  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.[6]

---

[6] Plaintiff has requested oral argument. See Pl.'s Mem. at 1. The undersigned finds that oral argument is not necessary to decide the issues presented.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 47-55.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since December [2]1, 2007, the [amended] alleged onset date."  Tr. at 47 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: L4/5 disc bulge; C6/7 disc bulge; degenerative disc disease at L4/5 and L5/S1; and adjustment disorder with mixed emotional features."  Tr. at 47 (emphasis and citation omitted).[8]  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in

---

[7]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[8]  The ALJ found Plaintiff's alleged "shoulder and knee pain, sinus issues, and vertigo to be non-severe as defined by the Social Security Administration."  Tr. at 48 (citations omitted).

-4-

20 CFR Part 404, Subpart P, Appendix 1." Tr. at 48 (emphasis and citation omitted). The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work . . . including the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, and to stand and walk 6 hours in an 8-hour workday. [Plaintiff] requires a sit/stand option and only occasional contact with people.

Tr. at 49.

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a "[d]ump truck driver[.]" Tr. at 53-54 (emphasis omitted from first quotation, citations omitted from both quotations). At step five, after considering Plaintiff's age, education ("at least a high school education"), work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform, Tr. at 54 (emphasis and citation omitted), such as "[s]ilver wrapper," "[m]ail clerk," and "[r]outer," Tr. at 55. The ALJ concluded that Plaintiff "has not been under a disability . . . from December [2]1, 2007, through the date of th[e D]ecision." Tr. at 55 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises three issues.  The undersigned first addresses Plaintiff's argument regarding his credibility (labeled issue two).  Second, because they both relate to Plaintiff's mental condition, the undersigned addresses together Plaintiff's arguments regarding the ALJ's duty to fully and fairly develop the record (labeled issue one) and the hypothetical to the VE (labeled issue three).

### A. Plaintiff's Credibility

Plaintiff contends the ALJ improperly discredited Plaintiff's testimony regarding his pain and its effects. Pl.'s Mem. at 1, 25.  According to Plaintiff, the ALJ "failed to properly challenge [] Plaintiff's credibility by calling a medical expert or other[]wise producing competent evidence refuting that Plaintiff['s] . . . combination of physical and mental

impairments would not produce the subjective pain Plaintiff experiences." Id. at 25. Plaintiff ends by stating that "[n]o reasonable person would conclude that [his] testimony of subjective pain and limited lifestyle were not credible"; consequently, says Plaintiff, as a matter of law, the Court should "accept [his] subjective pain testimony as true." Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures

taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ summarized Plaintiff's testimony before finding that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [according to the ALJ, Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" the ALJ's RFC determination. Tr. at 50. The ALJ continued:

> In terms of [Plaintiff]'s alleged physical limitations, I give partial credit to [Plaintiff]'s testimony and reports regarding these limitations by restricting him to light level work with a sit/stand option. Although no treating source told [Plaintiff] he was unable to work based on his physical condition, I have resolved the issue of [Plaintiff]'s limitations to some extent in his favor.

Tr. at 51.

The ALJ then detailed her reasons for finding Plaintiff's testimony not entirely credible. In sum, those reasons, as they relate to Plaintiff's physical conditions, are as follows: 1) even though "the record confirms the existence of [Plaintiff]'s back and neck condition, the record does not support the resulting degree of limitation [Plaintiff] alleges," Tr. at 51 (citing Tr. at 237-351, 352-63); see also Tr. at 51-52 (citing Tr. at 442-44, 409-11, 434-41, 377-83) ; 2) Plaintiff's conservative treatment history, Tr. at 52; and 3) Plaintiff's "reported activities of daily living," including the ability to "live independently, care for a dog, sit all day at home or with his family, perform household chores, and do his own grocery shopping," Tr. at 52 (see Tr. at 73-78 (Plaintiff testifying about his activities of daily living)).

The ALJ then turned to Plaintiff's alleged mental limitations:

> In terms of [Plaintiff's] alleged mental limitations, I give partial credit to [Plaintiff]'s testimony and reports by restricting him to work that involves only

-8-

> occasional contact with people. Although no treating source told [Plaintiff] he was unable to work based on his mental condition, I have resolved the issue of [Plaintiff]'s limitations to some extent in his favor.

Tr. at 52. The ALJ then detailed her reasons for finding Plaintiff's testimony not entirely credible as it relates to his mental limitations. In sum, the ALJ stated the following: 1) during Plaintiff's consultative examination with Dr. Clifton, Dr. Clifton noted he exaggerated and overgeneralized some of his responses, Tr. at 52 (citing Tr. at 370-76); Dr. Clifton's "examination revealed no significant deficits with regard to attention, concentration, or memory, and [Plaintiff]'s symptoms were assessed as no more than moderate in nature," Tr. at 53; see Tr. at 370-76; 3) Plaintiff "live[s] by himself and care[s] for his own needs, take[s] care of his dog, and visit[s] with members of his family frequently," Tr. at 53; and 4) Plaintiff's "alleged symptoms, including anger and concentration issues, are related primarily to pain and side effects of his medication, and not particularly to an underlying mental condition," Tr. at 53.

Finally, the ALJ concluded her comprehensive discussion of Plaintiff's credibility:

> For all of the foregoing reasons, I give only partial credit to [Plaintiff]'s testimony regarding his alleged physical and mental limitations. However, I acknowledge that [Plaintiff]'s back and neck condition cause some degree of limitation, and I have accounted for this limitation by restricting [Plaintiff] to light work with a sit/stand option. I give [Plaintiff] the benefit of the doubt regarding his testimony that he has difficulty dealing with other people, and have thereby limited [Plaintiff] to only occasional contact with people. However, the record does not support any greater or additional physical or mental limitations.

Tr. at 53.

Upon review of the record and consideration of the ALJ's Decision with respect to Plaintiff's credibility, the undersigned finds that the ALJ articulated "explicit and adequate

-9-

reasons" for partially discrediting Plaintiff's testimony regarding his pain and its effects. Wilson, 284 F.3d at 1225.  Those reasons are supported by substantial evidence.

### B. Mental Limitations (Development of Record & Hypothetical to VE)

Plaintiff contends that the ALJ erred by not inquiring more of C. Russell Clifton, Jr., Ph.D., an examining psychologist, regarding Plaintiff's psychological issues. Pl.'s Mem. at 20-23. Plaintiff asserts that the ALJ should have asked Dr. Clifton "to what extent Plaintiff's pain anxiety and depression interrelate, and how, and to what extent, Plaintiff's combination of pain anxiety and depression interferes with his ability to maintain employment." Id. at 22-23. Plaintiff further contends that the ALJ failed to address Plaintiff's "mixed anxiety and depression," diagnoses that Dr. Clifton assigned, in the hypothetical presented to the VE. Id. at 26.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Id. (citing 20 C.F.R. § 416.912(a), (c)).  To remand a case for an ALJ's failure to fully develop the record, there must be a showing of prejudice to the extent that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995). Prejudice exists when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence. Id. at 935. When "the record contains sufficient evidence for the [ALJ] to make an informed decision," the ALJ is not required to further inquire with regard to an alleged mental condition. Ingram

v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281) (finding that a consultative examination is not required in such a situation).

Regarding a hypothetical to a VE, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

Here, Plaintiff contends the ALJ should have inquired more of Dr. Clifton, the examining psychologist, prior to rendering the Decision. Dr. Clifton examined Plaintiff at the request of the Administration on either February 25, 2008 or August 18, 2008 and authored an undated report documenting his findings. Tr. at 372-76.[9] Plaintiff's main concerns during the examination were "chronic back pain" and "trouble paying attention and 'getting things backwards.'" Tr. at 372 (purportedly quoting Plaintiff). According to Dr. Clifton, Plaintiff denied having been treated with "outpatient psychotherapy or evaluation or inpatient

---

[9] The report contains both February 25, 2008 and August 18, 2008 as the "date of evaluation," so the exact date of the examination is unclear. Tr. at 372-76 (capitalization omitted).

-11-

treatment for mental health or substance abuse problems." Tr. at 373. Dr. Clifton stated that Plaintiff "did not emphasize current feelings of moderate depression, but he did endorse specific symptoms of depression . . . ." Tr. at 374.  Plaintiff "reported no active suicidal ideation nor homicidal ideation" to Dr. Clifton,[10] "but he said he did not care much about things and would just as soon not be here." Tr. at 374.  According to Dr. Clifton, "[t]here were no observed signs of anxiety during the interview," although Plaintiff reported "episodes of anxiety in the previous six months." Tr. at 374.

Dr. Clifton recognized that "[i]t was difficult in the mental status exam to discern whether [Plaintiff] has a significant attention problem historically or whether his pain and apathy and anxiety combine subjectively [to] distract him easily." Tr. at 375.  Nevertheless, Dr. Clifton opined that Plaintiff's "level of intellectual functioning and memory indicate that he would be capable of comprehending and remembering at least simple instructions and possibly moderately complex instructions." Tr. at 376.  Dr. Clifton diagnosed "adjustment disorder with mixed anxiety and depression[.]" Tr. at 376 (capitalization omitted). Dr. Clifton also provided a "provisional diagnosis" of "pain disorder associated with both psychological features and general medical condition" but indicated that "the absence of medical records reduces the credibility of this diagnosis[.]" Tr. at 376 (capitalization omitted).

The ALJ considered and afforded "significant weight" to Dr. Clifton's opinion. Tr. at 53. Because Dr. Clifton opined Plaintiff could remember simple and possibly moderate instructions, the ALJ did not assign any particular limitations regarding instructions in the

---

[10] Notably, Plaintiff testified during the hearing before the ALJ that his medications make him "extremely irritable, sometimes borderline homicidal." Tr. at 70; see also Tr. at 71.

RFC. Tr. at 53. The ALJ noted, however, that "the representative jobs listed by the [VE] . . . are all unskilled; as such, even if [Plaintiff] were limited to unskilled work, there are still jobs which he could perform." Tr. at 53. In other words, although the ALJ did not limit Plaintiff regarding instructions, the representative jobs he could perform "need[] little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a) (defining unskilled work). Also, the ALJ gave Plaintiff the benefit of the doubt with regard to his alleged problems dealing with other people. In this regard, the ALJ restricted Plaintiff to "only occasional contact with people." Tr. at 49.

The undersigned finds that the ALJ had before her sufficient evidence to render a fair decision, especially as it related to Plaintiff's psychological condition. The undersigned further finds that the ALJ did not err in formulating the hypothetical to the VE as it relates to Plaintiff's psychological condition. Plaintiff argues that the ALJ should have inquired more of Dr. Clifton regarding the etiology of his depression and psychological issues and their effects. Dr. Clifton, however, authored a rather detailed report in which he stated it was difficult to tell the etiology and apparently gave Plaintiff the benefit of the doubt with regard to his claimed difficulties with paying attention. The ALJ generally accepted Dr. Clifton's findings, especially as they related to the effects on Plaintiff's psychological condition on his ability to perform work.[11] The ALJ did not abrogate her duty to develop a full and fair record, and in any event, Plaintiff has not been prejudiced. Furthermore, as more fully explained supra in Section IV.A. (Plaintiff's Credibility), the ALJ carefully considered and accounted

---

[11] Unlike Dr. Clifton, however, the ALJ found that the "alleged symptoms, including anger and concentration issues, are related primarily to pain and side effects of medication, and not particularly to an underlying mental condition." Tr. at 53. This is consistent with Plaintiff's testimony that his medications make him irritable. Tr. at 70-71.

for the effects of Plaintiff's psychological condition in the hypothetical to the VE. The undersigned finds no error in these regards.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 3, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record